UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM J. WISE,<br><br>　　　　Defendant. | Case No. 12-cr-00642-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM PRIOR ORDER**<br><br>Docket No. 92 |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM J. WISE,<br><br>　　　　Defendant. | Case No. 12-cr-00111-EMC-1<br><br><br><br>Docket No. 216 |

## I.　　INTRODUCTION

In September 2012, Defendant William J. Wise pled guilty to eighteen criminal charges, including charges for mail and wire fraud and money laundering. *See* Docket No. 6.[1] In February 2015, this Court sentenced Mr. Wise to a period of 262 months. *See* Docket No. 60-6, Exh. 49. In February 2016, Mr. Wise filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. §2255. *See* Docket No. 59. The government responded with a motion to dismiss, *see* Docket No. 72, which the Court granted, thereby denying Mr. Wise's § 2255 petition, *see* Docket No. 90 ("Order"). Mr. Wise has now filed a motion under Federal Rule of Civil Procedure 60(b) to

---

[1] For clarity's sake, the Court notes that all citations are to documents in Case No. 12-cr-00642.

vacate that order alleging that fraud was committed on the court. *See* Docket No. 92 ("Mot.").

## II. BACKGROUND

Mr. Wise contends that, prior to entering his guilty plea, Assistant U.S. Attorney Tracie Brown "made oral promises to induce Wise to plead when she met with him just before he walked into court on September 12, 2012 and signed the plea agreement." Mot. at 2. Mr. Wise filed a § 2255 petition seeking to vacate his plea and conviction because he was wrongfully induced into entering the plea by Ms. Brown's promises. The Court denied the petition. Mr. Wise now contends that Assistant U.S. Attorneys Robin Harris and Ben Kingsley, who appeared on the case after Ms. Brown left the U.S. Attorney's Office, committed fraud on the court by denying, during the § 2255 proceedings, that Ms. Brown made any such promises. *See id.* at 2. He further contends that the Court ignored his *Santobello* claim premised upon those allegations, an omission which "created an extraordinary defect in the integrity of the § 2255 proceeding that precluded a fair, reliable and just determination of the merits of Wise's due process claim." *Id.* These contentions form the basis of his Rule 60 motion.

## III. DISCUSSION

As a threshold matter, the Court must determine whether the motion is properly brought as a Rule 60 motion for fraud on the court, or whether it is actually a successive habeas petition. While Supreme Court and Ninth Circuit precedent have found that allegations of fraud in habeas proceedings may in some circumstances be properly brought as Rule 60(b) motions, Mr. Wise's motion is actually a successive habeas petition.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court explained that a claim brought as a Rule 60(b) motion is considered a claim for habeas relief "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." *Id.* at 532. However, when the "motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it may be brought via a Rule 60(b) motion. *Id*. The term "*on the merits*" refers:

> to a determination that there exist or do not exist grounds entitling a
> petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and
> (d). When a movant asserts one of those grounds (or asserts that a
> previous ruling regarding one of those grounds was in error) he is
> making a habeas corpus claim. He is not doing so when he merely
> asserts that a previous ruling which precluded a merits determination
> was in error – for example, a denial for such reasons as failure to
> exhaust, procedural default, or statute-of-limitations bar.

*Id.* at 532 n.4. "Fraud on the federal habeas court is one example," *id.* at 532 n.5, of a motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated [as a Rule 60(b) motion] creates no inconsistency with the habeas statute or rules." *Id.* at 533. *See also Pizzuto v. Ramirez*, 783 F.3d 1171, 1176 (9th Cir. 2015) ("Motions that allege fraud on the federal habeas corpus court, or allege a prior ruling which prevented a merits determination—such as a ruling that certain claims were procedurally defaulted—was in error are properly brought under Rule 60(b).").

In the case at bar, however, Mr. Wise's petition is an attack on this Court's resolution of his prior claims *on the merits*. As noted above, Mr. Wise alleges two bases for his allegation of fraud: (1) He maintains that the AUSAs fraudulently denied that AUSA Tracie Brown induced Mr. Wise to plead by making promises to him just before he signed the plea agreement in 2012, Mot. at 2, and (2) Mr. Wise further asserts that the court ignored his *Santobello* claim, thereby "treat[ing] the plea breach claim as merely a question of contract interpretation—and, in so doing, preclude[ing] a determination of the merits of Wise's constitutionally grounded due process claim based on prosecutorial misconduct." *Id.* at 12.

Clearly, claim (2) seeks to reverse this Court's denial of the § 2255 on the merits, challenging as a matter of substantive law the Court's legal analysis. In any event, Mr. Wise's attempt to reinvigorate his *Santobello* claim is meritless.[2]

---

[2] In the Court's prior order denying Mr. Wise's § 2255 petition, the Court noted: "Ms. Brown's statements to Mr. Wise prior to his signing the plea agreement cannot form the basis of a breach of

3

As Mr. Wise's allegations regarding the actions of the AUSAs, Harris and Kingsley, Mr. Wise cannot covert the Government's denial of facts he asserted in his § 2255 petition into a claim of fraud on the court during a § 2255 proceeding, lest every opposition to a petitioner's factual assertion would be deemed fraud upon the habeas court and consequently allow circumventing the rule against successive petitions. In any event, Mr. Wise's assertions of "fraud" by AUSAs Harris and Kingsley are meritless because, even if true, they are immaterial to this Court's denial of his § 2255 petition. The Court's discussion of the merits of Mr. Wise's § 2255 claim focused entirely on the terms of his plea agreement and the plea colloquy. As discussed above, those terms and colloquy undermine any *Santobello* claim. *See* Order at 30–32.

///
///
///
///
///
///
///
///

---

contract claim. The terms of the plea agreement are controlling; the plea agreement contains the following provision: 'I agree that this Agreement contains all of the promises and agreements between the government and me, and supersedes any other agreements, written or oral. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.'" Order at 30–31. The Court went on the quote from the plea colloquy, noting that "Mr. Wise confirmed this provision during the plea colloquy: Mr. Wise, in response to the question, 'Have any promises been made to you other than what is in the agreement?,' stated 'None.'" *Id.* "Furthermore, at the plea hearing, the Court asked Mr. Wise directly if there were any promises made other than what was in the plea agreement. He confirmed there was not." *Id.* at 25. Thus, rather than ignoring or not reaching Mr. Wise's *Santobello* claim, the Court instead considered and rejected it (albeit it not explicitly). It found that the terms of the plea agreement and Mr. Wise's responses at the plea colloquy undermined any basis for a *Santobello* claim. *See, e.g.*, *Testa v. Bissonnette*, No. CIV.A.01-11609-DPW, 2002 WL 31194869, at *8 (D. Mass. Sept. 27, 2002) ("[T]he state trial court applied the rule of *Santobello* at the plea colloquy by thoroughly interrogating Testa as to the reasons and factual bases underlying his plea." (internal citations omitted)); *Davis v. United States*, No. CRIM. 97-306-A, 2001 WL 34787123, at *3 (E.D. Va. Mar. 30, 2001) (rejecting a *Santobello* claim on multiple grounds, among them the fact that defendant "acknowledged at the plea colloquy that there were no promises made to him other than what was in the plea agreement").

## IV. CONCLUSION

For these reasons, the Court finds that Mr. Wise's motion for relief is an attack on the Court's "previous resolution of a claim *on the merits*," *Gonzalez*, 545 U.S. at 532, and is thus properly characterized as an impermissible successive habeas petition. *See* 28 U.S.C. § 2255(h) (a successive habeas motion must be certified by a panel of the court of appeals). Even if the merits were considered, the claims are substantively meritless. Consequently, the motion is **DENIED**.

This order disposes of Docket No. 92.

**IT IS SO ORDERED**.

Dated: December 31, 2019

_____
EDWARD M. CHEN
United States District Judge