UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br>    v.<br>WILLIAM J. WISE,<br>       Defendant. | Case No. 12-cr-00642-EMC-1<br><br>**ORDER ISSUING CERTIFICATE OF APPEALABILITY**<br>Docket No. 94 |
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br>    v.<br>WILLIAM J. WISE,<br>       Defendant. | Case No. 12-cr-00111-EMC-1 |

On December 31, 2019, this Court denied Defendant's Motion for Relief from Prior Order, through which Defendant sought relief from the denial of his § 2255 petition. *See* Docket No. 93.[1] The Ninth Circuit asked this Court to grant or deny a certificate of appealability. For the reasons stated below, the Court **ISSUES** a certificate of appealability. The issue on appeal is whether Mr. Wise has stated a sufficient claim, under *Santobello v. New York*, 404 U.S. 257 (1971), that the prosecutor broke a promise to recommend relief under 5K at sentencing.

As the Court noted in its previous orders, the terms of Mr. Wise's plea agreement and the plea colloquy demonstrate that Mr. Wise has no viable *Santobello* claim. *See* Docket Nos. 90, 93.

---

[1] All Docket Numbers used to in this order refer to Case No. 3:12-cr-00642-EMC-1.

In addition, it is noteworthy that neither Mr. Wise's sentencing memorandum nor his arguments at the sentencing hearing asserted that any promises made by the Assistant U.S. Attorney had been breached, although both discussed the government's decision not to file a 5K motion.

It is true, on the other hand, that Mr. Wise presents evidence Assistant U.S. Attorney Tracie Brown stated in an email to Mr. Wise's attorney: "I can't promise the extent of his 5K, but based on what he's done so far (and assuming he doesn't screw up in the future), I think you can feel confident he will get a 5K recommendation from me." *See* Docket No. 60-1, Exh. 12. In addition, Mr. Wise submitted a declaration stating that Ms. Brown "assured [Mr. Wise] she was satisfied with his cooperation and assistance, and that she *would* file a 5K1.1 motion and/or otherwise urge the Court to give me a reduced sentence." *See* Docket No. 59-1 (emphasis added). He also declared that Ms. Brown told him that he "*would* get a downward departure from the guidelines . . . [and] because [he] was meeting the 'gold standard' of witness cooperation[,] things would go well for [him]." *Id.* (emphasis added).

Despite that evidence, this Court followed other district courts which have concluded that the terms of the plea agreement and a defendant's responses at the plea colloquy preclude Mr. Wise's *Santobello* claim. *See, e.g.*, *Testa v. Bissonnette*, No. CIV.A.01-11609-DPW, 2002 WL 31194869, at *8 (D. Mass. Sept. 27, 2002) ("[T]he state trial court applied the rule of *Santobello* at the plea colloquy by thoroughly interrogating Testa as to the reasons and factual bases underlying his plea." (internal citations omitted)); *Davis v. United States*, No. CRIM. 97-306-A, 2001 WL 34787123, at *3 (E.D. Va. Mar. 30, 2001) (rejecting a *Santobello* claim on multiple grounds, among them the fact that defendant "acknowledged at the plea colloquy that there were no promises made to him other than what was in the plea agreement"). However, the Ninth Circuit appears not to have definitively decided this issue.[2]

---

[2] The closest authority the Court identified was *Brown v. Poole*, 337 F.3d 1155, 1160 (9th Cir. 2003) (quoting *United States v. Bronstein*, 623 F.2d 1327, 1329 (9th Cir.1980) ("'The intent of the parties becomes clear upon an examination of the language of the plea agreement and the conduct of the parties' during the plea colloquy.").

As a result, although this Court believes that Mr. Wise's *Santobello* claims are factually and legally meritless, it **CERTIFIES** the issue for appeal.

This order disposes of Docket No. 94.

**IT IS SO ORDERED**.

Dated: February 26, 2020

_____
EDWARD M. CHEN
United States District Judge