UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM J. WISE,<br><br>Defendant. | Case No. 12-cr-00111-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Docket No. 300 |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM J. WISE,<br><br>Defendant. | Case No. 12-cr-00642-EMC-1<br><br>Docket No. 141 |

Currently pending before the Court is Mr. Wise's motion for compassionate release. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** the motion for relief.[1]

As an initial matter, the Court notes that the pending motion is the third motion for compassionate release filed by Mr. Wise. The Court denied the first motion in October 2020. *See* Docket No. 245 (order). The Court denied the second motion in March 2022. *See* Docket No. 292 (order). As the government argues, much of this third motion covers matters previously raised in the earlier motions (particularly medical conditions). Mr. Wise also complains about

---

[1] The Court previously gave the government an opportunity to file an opposition brief but did not permit Mr. Wise to file a reply. Mr. Wise asked for the opportunity to file a reply brief. The request is denied. A reply brief is unnecessary. The Court is familiar with the record, with Mr. Wise having filed several requests for relief in the past year.

1  BOP conditions such as overcrowding, toilet paper supplies, and a broker photocopier.  Finally,
2  Mr. Wise again argues ineffective assistance of counsel.
3      The Court has taken into account Mr. Wise's age (71 years), medical condition (including
4  the hernia, the recent surgery for the hernia, and the problems following the surgery), and his
5  complaints about BOP conditions.  It concludes that Mr. Wise has not demonstrated
6  "extraordinary and compelling reasons" to warrant compassionate release or a reduction in his
7  sentence.  18 U.S.C. § 3582(c)(1).  To the extent Mr. Wise asserts ineffective assistance of
8  counsel, that is not a proper basis on which to seek relief under § 3582(c)(1).  *See, e.g.*, *United
9  States v. Walters*, No. 2:12-cr-00375-TLN-AC, 2021 U.S. Dist. LEXIS 192434, at *4 (E.D. Cal.
10  Oct. 5, 2021) (rejecting defendant's contention that "alleged ineffective assistance of counsel
11  constitutes 'extraordinary and compelling reasons' for release[;] [r]ather, these arguments are
12  more appropriately raised in Defendant's pending § 2255 motion"); *United States v. Lueleni
13  Fetongi Maka*, No. 03-00084 SOM, 2021 U.S. Dist. LEXIS 158521, at *3 (D. Haw. Aug. 23,
14  2021) (noting the same).
15      Finally, even if the Court were to conclude that there are extraordinary and compelling
16  reasons for release, it would still deny Mr. Wise's motion based on the 18 U.S.C. § 3553(a)
17  factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors).  As
18  noted previously, Mr. Wise's release date is not until late 2030; he has only served slightly more
19  than 50% sentence; and his Ponzi scheme had significant impact on a number of victims.  *See*
20  Docket No. 292 (Order at 5-6).
21      This order disposes of Docket No. 300 in CR-12-0111 and Docket No. 141 in CR-12-0642.
22
23      **IT IS SO ORDERED**.
24
25  Dated: August 8, 2022
26
27                                      EDWARD M. CHEN
                                        United States District Judge
28

2