UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>           Plaintiff,<br><br>    v.<br><br>WILLIAM J. WISE,<br><br>           Defendant. | Case No. 12-cr-00111-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Docket No. 327 |

        Currently pending before the Court is Mr. Wise's motion for compassionate release. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** the motion for relief.

        This is the fourth motion for compassionate release filed by Mr. Wise. Mr. Wise asks for compassionate release based on "extraordinary and compelling circumstances." 18 U.S.C. § 3582(c)(1). Specifically, he argues that there are extraordinary and compelling circumstances based on (1) his medical circumstances, *see* U.S.S.G. § 1B1.13(b)(1)(C) (providing that there are extraordinary and compelling circumstances if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"), and (2) his age, *see id.* § 1B1.13(b)(2) (providing that there are extraordinary and compelling circumstances if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75% of his or term of imprisonment, whichever is less").

        Mr. Wise has demonstrated extraordinary and compelling circumstances based on either

criteria in (1) or (2) above. With respect to Mr. Wise's medical circumstances, the record indicates that BOP has generally responded to issues that have arisen with his medical conditions, and, to the extent the quality of care may be problematic, Mr. Wise has not demonstrated that he is at risk of serious deterioration in health or death. Indeed, Mr. Wise recently provided a medical record reflecting a clinical encounter in December 2023 in which the treating physician evaluated, *inter alia*, Mr. Wise's urinary tract problems, hip and knee osteoarthritis, and glaucoma and notes that Mr. Wise was "alert, oriented and in no distress."[1] Docket No. 332 (ECF Page 5).

     As for Mr. Wise's age, he is over 65 years and has served at least 10 years of his sentence. Thus, the critical question is whether he "is experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(2). The Court acknowledges that, since Mr. Wise's last motion for compassionate release, he has experienced some notable medical issues, including urinary tract problems and glaucoma. But, consistent with the above, the record does not establish that he is experiencing a "serious deterioration" in physical health based on age. Although Mr. Wise points out that the treating physician stated in the same medical record referenced above that, "[i]n terms of [Mr. Wise's] possible compassionate release – if he has served over half his sentence and is over age 65, that should qualify him to apply for compassionate release, and certainly Medical supports that request, given his multiple chronic conditions, as outlined above," Docket No. 332 (ECF Page 10), the statement is not dispositive, particularly as it is not clear that the doctor was aware of the appropriate legal standard (*i.e.*, serious deterioration in physical or mental health because of the aging process). Nor did the doctor specify in any meaningful detail the nature of the conditions which constitute a "serious deterioration" in Mr. Wise's physical health based on age. *See* Docket No. 332 (ECF Page 6) (merely noting, *inter alia*, Mr. Wise's enlarged prostrate with lower urinary tract symptoms but

---

[1] In his papers, Mr. Wise suggests that he was recently transferred (in November 2023) to a new prison (in Wisconsin) as retaliation for making complaints at his old prison (*e.g.*, about medical conditions). Mr. Wise asserts that the new prison is a lower-level facility in terms of medical care. Even assuming that there was a retaliatory transfer (based on the record, it is not clear that the new prison cannot sufficiently provide for his care), Mr. Wise can bring a civil rights suit to challenge the transfer. The appropriate remedy would be to undo or otherwise address the allegedly improper transfer, not an outright release from prison.

"improving per patient" and prescription stopped due to symptom improvement; essential hypertension being treated with medication; GERD; inguinal hernia with surgical referral; osteoarthritis of hip and knee; glaucoma); *see also United States v. Stafford*, No. 95-cr-00847-BLOOM, 2023 U.S. Dist. LEXIS 91092, at *6-7 (S.D. Fla. May 23, 2023) (stating that "[a] prisoner experiences serious age-related deterioration if evidence supports a 'sudden or rapid decline in health and wellness'" and "may also demonstrate serious age-related deterioration by showing that he suffers from a disease that has an 'end-of-life trajectory' together with 'a litany of [other age-related] ailments,' or that he requires constant medical care[;] [¶] [b]y contrast, where a prisoner suffers from multiple 'relatively minor or treatable conditions commonly caused by aging,' those conditions do not support a finding of age-related serious deterioration in the prisoner's health"). Moreover, even if there were extraordinary and compelling circumstances here based on age, the Court would still deny Mr. Wise's motion based on the 18 U.S.C. § 3553(a) factors, *see* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors), which include "the nature and circumstances of the offense" and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). Consistent with its prior order denying compassionate release, *see* Docket No. 312 (order), the Court takes note that Mr. Wise's release date is not until late 2030; he has served only slightly more than 50% of his sentence (about 140 out of 262 months); and his Ponzi scheme had significant impact on a number of victims.

      Finally, the Court takes note that, in one of his recent filings, *see* Docket No. 333 (addendum), Mr. Wise cites a district court decision finding extraordinary and compelling circumstances where the government promised not to oppose a prison transfer to Canada but failed to comply with that promise by stating that it took no position on the defendant's request for a transfer. *See United States v. Liu*, No. CR-19-0042 PDW (D.N.D.) (Docket No. 71) (Order at 6) ("On the unique and specific facts of this case, the Court agrees with Liu and finds that the inconsistent recommendation concerning the treaty transfer and subsequent denial of the transfer presents extraordinary and compelling reasons for a sentence reduction [under] §

3582(c)(1)(A).").[2] That decision is not binding on this Court and involves materially different facts. *Compare* Docket No. 298 (Order at 2) (indicating that, in the case at bar, the obligation not to oppose transfer was, per the terms of the plea agreement, applicable only to the USAO for the Northern District of California and the USAO for the Eastern District of North Carolina only, and not for any other federal, state, or local agency).

**IT IS SO ORDERED**.

Dated: January 16, 2024

_____
EDWARD M. CHEN
United States District Judge

---

[2] *See also* U.S.S.G. § 1B1.13(b)(5) (providing that there are extraordinary and compelling circumstances if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)").