UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>      v.<br>WILLIAM J. WISE,<br>      Defendant. | Case No. 12-cr-00111-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AND DEFENDANT'S MOTION FOR JUDGMENT**<br><br>Docket Nos. 351, 354 |
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>      v.<br>WILLIAM J. WISE,<br>      Defendant. | Case No. 12-cr-00642-EMC-1<br><br>Docket Nos. 181, 184 |

Currently pending before the Court are two motions filed by Mr. Wise in which he seeks relief from judgment and/or to reopen the case. Having considered the papers filed, as well as all other evidence of record, the Court hereby **DENIES** the motions.

The Court focuses on the first motion filed by Mr. Wise, as the second motion simply repeats his request for relief, largely based on the failure of the government to file a response to his first motion. The Court, however, gave the government an extension of time to file a response because the AUSAs who had been working on the case left the office and thus the government did not receive notification of the motion and/or the Court's order requiring the government to respond to the motion.

As an initial matter, Mr. Wise's first motion is procedurally improper. Mr. Wise seeks relief pursuant to Federal Rule of Civil Procedure 60(b), but the instant case is a criminal case and

not a civil one. *See United States v. Qazi*, No. 22-14033, 2023 U.S. App. LEXIS 28748, at *4 (11th Cir. Oct. 30, 2023) (stating that "the Federal Rules of Civil Procedure do not apply to criminal cases, and this Court has held that 'Rule 60(b) simply does not provide for relief from judgment in a criminal case'"); *United States v. Andrade-Larrios*, 39 F.3d 986, 988 (9th Cir. 1994) (implicitly agreeing with the district court that "the Federal Rules of Civil Procedure do not apply to criminal cases"; although defendant had filed a Rule 60(b) motion, the court evaluated the motion under § 2255).

Even if the Court were to consider the motion as a § 2255 motion,[1] *see Ramdeo v. United States*, No. 22-13419, 2023 U.S. App. LEXIS 28836, at *1 (11th Cir. Oct. 31, 2023) (stating that, "[w]hen a *pro se* plaintiff brings a motion under Rule 60, the district court may construe it as a § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion"); *Pulido-Romero v. United States*, No. CV-F-05-1016 REC, 2005 U.S. Dist. LEXIS 29617, at *3 (E.D. Cal. Sept. 19, 2005) (stating that "Petitioner cannot proceed with this motion pursuant to Rule 60(b), Federal Rules of Civil Procedure, because the Federal Rules of Civil Procedure do not apply to criminal cases[;] [c]hallenges to the legality of a conviction or sentence are brought pursuant to 28 U.S.C. § 2255."), Mr. Wise still would not be entitled to relief. Mr. Wise has already filed a § 2255 motion which the Court denied in December 2016. *See* Docket No. 209 (order). The Ninth Circuit affirmed in October 2018. *See* Docket No. 213 (Ninth Circuit memorandum decision). Mr. Wise is not entitled to file a successive petition without the leave of the Ninth Circuit.[2] *See* 28 U.S.C. § 2255(h) (providing that "[a] second or successive motion must be certified . . . by a panel

---

[1] As the government argues, Mr. Wise is challenging the substance of the Court's resolution of his case on the merits, and not a "defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.5 (2005) (adding that "[f]raud on the federal habeas court is one example of such a defect" whereas "an attack based on the movant's own conduct, or his habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably").

[2] Mr. Wise is aware of this rule because, after the Ninth Circuit's affirmance in October 2018, he filed a Rule 60(b) motion in October 2019. *See* Docket No. 216 (motion). This Court construed the Rule 60(b) motion as a § 2255 motion and denied the motion because it was an impermissible successive habeas petition. *See* Docket No. 217 (Order at 5). The Ninth Circuit affirmed in December 2020. *See* Docket No. 246 (Ninth Circuit memorandum disposition).

of the appropriate court of appeals").

Finally, even if the Court were to entertain the merits of Mr. Wise's motion, it would reject his request for relief. Mr. Wise's motion makes the same arguments that he made in his original § 2255 motion – *e.g.*, that his CJA counsel, Mr. Wolf, had a conflict of interest[3]; that Mr. Wolf failed to do the most basic of tasks such as reviewing evidence; and that Mr. Wolf lacked the necessary experience with 5K1.1 cooperation cases. The Court reviewed these arguments and denied Mr. Wise relief for the reasons stated in its October 2016 decision. *See* Docket No. 209 (order).

Accordingly, the Court denies Mr. Wise's motions for relief. The Court further denies Mr. Wise's request for a certificate of appealability.

This order disposes of Docket Nos. 351 and 354 in Case No. CR-12-0111 EMC and Docket Nos. 181 and 184 in Case No. CR-12-0642 EMC.

**IT IS SO ORDERED**.

Dated: March 18, 2025

_____
EDWARD M. CHEN
United States District Judge

---

[3] According to Mr. Wise, Mr. Wolf was appointed defense counsel based on machinations by an AUSA, and, after being appointed, Mr. Wolf did not adequately represent him because Mr. Wolf wanted to curry favor with the AUSA for the benefit of another client.

3