UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILLIAM J. WISE,<br>Defendant. | Case No. 12-cr-00111-EMC-1<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF AUDITA QUERELA**<br><br>Docket No. 371 |
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILLIAM J. WISE,<br>Defendant. | Case No. 12-cr-00642-EMC-1<br><br>Docket No. 195 |

Pending before the Court is Mr. Wise's petition for a writ of audita querela or, in the alternative, relief pursuant to 28 U.S.C. § 2255(e). Having reviewed the papers filed, the Court hereby **DENIES** Mr. Wise's petition.

## I.   DISCUSSION

A.   Petition for Writ of Audita Querela

"*Audita querela*, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007); *see also Doe v. INS*, 120 F.3d 200, 203 n.4 (9th Cir. 1997) (explaining that, while coram nobis is "used to attack a judgment that was infirm at the time it was rendered for reasons that later come to light[,] [a]udita querela [is] used to attack a judgment that

was correct when rendered but later [is] rendered infirm by matters arising after its rendition"). "A writ of *audita querela* is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition. Rather, common law writs such as *audita querela* and *coram nobis* survive 'only to the extent that they fill "gaps" in the current systems of postconviction relief.'" *Carrington*, 503 F.3d at 890.

Mr. Wise is not entitled to a writ of audita querela. The bulk of Mr. Wise's petition focuses on issues that the Court addressed in denying Mr. Wise's first motion for relief pursuant to 28 U.S.C. § 2255. *See* Docket No. 209[1] (order) (addressing Mr. Wise's contentions that defense counsel, Mr. Wolf, was improperly appointed and provided ineffective assistance). There is no "gap" to fill here. Furthermore, the fact that the Court denied Mr. Wise's subsequent motions for relief as successive § 2255 petitions did not create any gap. The Ninth Circuit has expressly held that "the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." *Carrington*, 503 F.3d at 890.

Mr. Wise contends that the Court (as well as the government) improperly characterized his subsequent motions as § 2255 petitions. *See, e.g.*, Mot. at 3, 11 (arguing that he was not attacking the underlying conviction but rather challenging the integrity of the post-conviction review process). The Court has already rejected this contention in prior orders. *See, e.g.*, Docket No. 359 (Order at 2 n.1) .

To the extent Mr. Wise argues that he is entitled to relief because Ms. Boersch previously represented him in post-conviction proceedings and now works in the U.S. Attorneys Office, the Court also addressed that matter in a prior order. *See* Docket No. 370 (Order at 2) (rejecting conflict-of-interest argument after reviewing declaration filed by Ms. Boersch).

B.    Petition for Relief Under § 2255(e)

> The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241. The one exception to the general rule is what we have called

---

[1] All Docket Numbers used are those used in No. CR-12-0111 EMC.

2

> the "escape hatch" of § 2255[(e)]. The escape hatch permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"

*Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (quoting 28 U.S.C. § 2255(e)[2]); *see also Jones v. Hendrix*, 599 U.S. 465, 478 (2023) (explaining that "the savings clause [in § 2255(e)] preserves recourse to § 2241 [habeas relief] in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence").

Section 2255(e) is not an avenue for relief for Mr. Wise because, as noted above, the Court addressed the bulk of his arguments in its order denying his original § 2255 motion. Furthermore, "'[t]he general rule . . . is that the ban on unauthorized second or successive petitions does not per se make § 2255 "inadequate or ineffective."'" *Stephens*, 464 F.3d at 898. Finally, the Ninth Circuit has held that "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (a) makes a claim of actual innocence, *and* (2) has not had an 'unobstructed procedural shot' at presenting that claim.'" *Id.* (emphasis added). In the case at bar, Mr. Wise does not claim actual innocence. *See* Mot. at 20 (admitting that his "claim is not one of factual innocence"); *see also Stephens*, 464 F.3d at 898 (stating that, "'[t]o establish actual innocence, [the defendant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him'"). Furthermore, as indicated above, Mr. Wise has had unobstructed procedural shots, whether he is asserting, *e.g.*, improper appointment of his defense counsel,

/ / /

/ / /

/ / /

---

[2] Section 2255(e) provides in relevant part as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears . . . that [the] court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

ineffective assistance of counsel, improper characterization of his requests for relief as successive § 2255 motions, and/or conflict of interest on the part of Ms. Boersch.  His claims have been addressed on the merits.

## II. CONCLUSION

For the foregoing reasons, Mr. Wise's petition for relief is denied.

**IT IS SO ORDERED**.

Dated: May 12, 2025

_____
EDWARD M. CHEN
United States District Judge