UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILLIAM J. WISE,<br>Defendant. | Case No. 12-cr-00111-EMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Docket No. 377 |
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILLIAM J. WISE,<br>Defendant. | Case No. 12-cr-00642-EMC-1<br><br>Docket No. 200 |

Currently pending before the Court is Mr. Wise's fifth motion for compassionate release. The Court denied Mr. Wise's prior motion for compassionate release (his fourth) in January 2024. *See* Docket No. 334 (order).[1] Because Mr. Wise has failed to show extraordinary and compelling circumstances, based on the totality of circumstances both before and after January 2024, the Court **DENIES** his motion for relief.

## I.   DISCUSSION

A.   Extraordinary and Compelling Circumstances

A court may reduce a term of imprisonment or grant compassionate release to a criminal defendant based on "extraordinary and compelling circumstances." 18 U.S.C. § 3582(c)(1). In the

---

[1] All citations to the docket refer to the docket in No. CR-12-0111 EMC.

1   case at bar, Mr. Wise contends that there are extraordinary and compelling circumstances

2   primarily because of (1) his medical circumstances, *see* U.S.S.G. § 1B1.13(b)(1)(C) (providing

3   that there are extraordinary and compelling circumstances if "[t]he defendant is suffering from a

4   medical condition that requires long-term or specialized medical care that is not being provided

5   and without which the defendant is at risk of serious deterioration in health or death"), and (2) his

6   age *see id.* § 1B1.13(b)(2) (providing that there are extraordinary and compelling circumstances if

7   "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical

8   or mental health because of the aging process; and (C) has served at least 10 years or 75% of his or

9   term of imprisonment, whichever is less").

10   Mr. Wise's medical situation does not constitute extraordinary and compelling

11   circumstances. The medical evidence indicates that Mr. Wise is being treated for his glaucoma.

12   *See, e.g.*, Docket No. 377-1, at ECF Pages 19-20 (Ex. F) (medical record from October 2024

13   indicating that a surgical procedure was done for glaucoma in the right eye and that there is

14   "acceptable" intraocular pressure in that eye); Docket No. 377-1, at ECF Page 33 (medical record

15   from March 2025 indicating that there is improved eye pressure and vision, recommending an

16   intraocular lens exchange for the right eye, and noting a follow-up for a surgical discussion). The

17   same is true for his hip and/or knee problems. *See, e.g.*, Docket No. 377-1, at ECF Page 30

18   (medical record from March 205 indicating an upcoming consultation for consideration for

19   arthroplasty; also noting no swelling or redness with knees and no pain with palpitation). While

20   Mr. Wise does have persisting medical problems, there do not appear to be treatments

21   recommended by providers that are not being pursued by BOP. *See United States v. Garcia*, 758

22   F. Supp. 3d 47, 57 (E.D.N.Y. 2024). Furthermore, even if there are some deficiencies in the care

23   being provided, Mr. Wise has failed to show that, without such care, he is at risk of "serious

24   deterioration in health or death." *See, e.g.*, Mot. at 4 (asserting that vision in the right eye has

25   deteriorated from 20/20 to 20/60 and that there is severe peripheral field loss).

26   Similarly, to the extent Mr. Wise has claimed extraordinary and compelling circumstances

27   based on his age, he has failed to establish "serious deterioration in physical or mental health."

28

B.  Section 3553(a) Factors

Finally, even if Mr. Wise had established extraordinary and compelling circumstances under, *e.g.*, U.S.S.G. §§ 1B1.13(b)(1)(C), 1B1.13(b)(2), or 1B1.13(b)(5), the Court would still deny Mr. Wise's motion based on the 18 U.S.C. § 3553(a) factors, *see* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors), which include "the nature and circumstances of the offense" and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). In this regard, the Court takes note that Mr. Wise's release date is not until late 2030; he has served only about 62% of his sentence (about 162 out of 262 months); and his Ponzi scheme targeted more than 1,000 victims.

## II.  CONCLUSION

For the foregoing reasons, Mr. Wise's motion for compassionate release is denied.

**IT IS SO ORDERED**.

Dated: October 10, 2025

_____
EDWARD M. CHEN
United States District Judge